**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                             NO. 2:11 CV076- JLH

WAYNE V. CALDWELL, SR., and
HIS SPOUSE, IF ANY; and
CHARLES BURROW                                                                                  DEFENDANTS

**JUDGMENT**

Pending before the Court is the motion of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendant Wayne V. Caldwell, Sr., is not an infant, incompetent person nor in the military service of the United States. Said defendant Wayne V. Caldwell, Sr., after having been properly served, as reflected by the United States Marshal's Return of Service, has not answered, appeared herein or otherwise made any defense to the plaintiff's complaint and is wholly in default.  The plaintiff's application for default judgment states that defendant Wayne V. Caldwell, Sr., does not have a spouse.

The remaining defendant, Charles Burrow, has been properly served, as reflected by the Notice and Acknowledgment of Receipt of Summons and Complaint filed herein on August 5, 2011. Charles Burrows has not answered, appeared herein or otherwise made any defense to the plaintiff's complaint and is wholly in default, It is therefore,

**ORDERED and ADJUDGED:**

1.     The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.     Defendant Wayne V. Caldwell, Sr., is in default on his obligation to plaintiff and

is indebted to the United States of America, Department of Agriculture, in the principal sum of $454,617.18, interest in the sum of $160,725.56, accrued to February 24, 2010, and thereafter at the daily rate of $61.04 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. § 1961, plus advances and recoverable charges made during the pendency of this action for taxes, protection and maintenance of the subject property, and the costs of this action. Plaintiff United States of America, Department of Agriculture, is hereby awarded judgment *in rem* against the property described herein for the above-mentioned sums.  No personal judgment having been requested, none is rendered.

3. The above described indebtedness due and owing to the United States of America, Department of Agriculture, is secured by mortgages as described below:

| Date of Mortgage | Date of Entry | Filing Information |
| --- | --- | --- |
| June 11, 1984 | June 11, 1984 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 107, at Page 256. |
| July 9, 1984 | July 9, 1984 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 107, at Page 412. |
| January 15, 1985 | January 15, 1985 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 108, at Page 521. |
| February 24,1986 | February 24, 1986 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 112, at Page 300. |
| February 6, 1987 | February 6, 1987 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 115, at Page 39. |
| April 27, 1988 | April 27, 1988 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 119, at Page 176. |
| April 26, 1989 | April 26, 1989 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 122, at Page 496. |
| May 10, 1990 | May 10, 1990 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 126, at Page 235. |

| Date of Mortgage | Date of Entry | Filing Information |
|---|---|---|
| May 7, 1991 | May 7, 1991 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 128, at Page 496. |
| May 19, 1992 | May 19, 1992 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 132, at Page 103. |
| May 9, 1994 | May 9, 1994 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 138, at Page 659. |
| May 24, 1994 | May 25, 1994 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 138, at Page 787 (corrected). |
| June 28, 1995 | June 28, 1995 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 142, at Page 655. |
| March 20, 1996 | March 22, 1996 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Ashley County, Arkansas in Book 146, at Page 304. |
| April 3, 1998 | April 3, 1998 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 154, at Page 306. |
| April 13, 1999 | April 13, 1999 | Filed in the real estate records in the Office of Circuit Clerk and Ex-Officio Recorder of Monroe County, Arkansas in Book 158, at Page 280. |

4.      Plaintiff's mortgages constitute valid liens, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants in and to the following described property in Monroe County, Arkansas:

> PART OF THE NORTHWEST FRACTIONAL QUARTER OF SECTION ELEVEN (11) AND OF PRIVATE SURVEY No. 2310, IN TOWNSHIP ONE (1) NORTH, RANGE THREE (3) WEST, OF THE FIFTH PRINCIPAL MERIDAN, DESCRIBED AS FOLLOWS:  BEGIN AT THE QUARTER CORNER OF SECTION TWO (2) AND ELEVEN (11) IN SAID TOWNSHIP AND RANGE, RUN THENCE SOUTH 1,520 FEET; THENCE WEST 2,192 FEET TO THE CENTER OF A ROAD; THENCE ALONG CENTER OF ROAD NORTH 11 DEGREES 45' EAST 280 FEET; THENCE NORTH 5 DEGREES EAST 820 FEET; THENCE EAST 1,320 FEET; THENCE NORTH 342 FEET; THENCE EAST 740 FEET TO THE POINT OF BEGINNING; ALSO A PART OF THE NORTHWEST FRACTIONAL QUARTER OF SAID SECTION 11

      AND SAID PRIVATE SURVEY No. 2310, TOWNSHIP AND RANGE AFORESAID, DESCRIBED AS: BEGIN AT POINT ON THE WEST LINE OF SAID PRIVATE SURVEY No. 2310 AT A POINT 2,480.9 FEET NORTH OF THE SOUTHWEST CORNER OF SAID SURVEY; RUN THENCE SOUTH 81 DEGREES EAST 2,772.2 FEET; THENCE SOUTH 448.5 FEET; THENCE EAST 220 FEET TO THE CENTER OF A ROAD; THENCE SOUTH 5 DEGREES WEST 520 FEET ALONG SAID ROAD; THENCE WEST 2,913.2 FEET TO THE WEST LINE OF SAID SURVEY; THENCE NORTH ALONG SAID WEST LINE 1,378.9 FEET TO THE POINT OF BEGINNING. SUBJECT TO ALL PUBLIC AND PRIVATE ROADS AND EASEMENTS.

together with all improvements and appurtenances thereon.

      5.      If the above described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the East door of the Monroe County Courthouse, Clarendon, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 6% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may

credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.

6.  Upon the sale of the above described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of the defendant, and all persons claiming by or through the defendants, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

7.  The purchaser at said sale shall be given possession upon demand, except as provided herein, and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property. The above described property shall be sold subject to the right of Charles Burrow to harvest his 2011 soybean crop.

8.  The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America, Department of Agriculture, to the extent of the indebtedness owed to it. Any surplus shall be retained by the U. S. Marshal subject to further orders of the Court.

9.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 29th day of August, 2011.

_J. Leon Holmes_
UNITED STATES DISTRICT JUDGE